1  Jeffrey I. Golden, State Bar No. 133040
   jgolden@wgllp.com
2  Beth E. Gaschen, State Bar No. 245894
   bgaschen@wgllp.com
3  **WEILAND GOLDEN GOODRICH LLP**
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Chapter 7 Trustee
   David M. Goodrich
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11  In re                                | Case No. 2:17-bk-24396-ER

12  CRESTALLIANCE, LLC,                  | Chapter 7

13          Debtor.

14  ———————————————————

15  DAVID M. GOODRICH, solely in his     | Adv. No.
    capacity as Chapter 7 Trustee of the Estate
    of Crestalliance, LLC,               | **COMPLAINT FOR DECLARATORY
16                                       | RELIEF**

17          Plaintiff,

        v.
18

19  NANCY LIU,

20          Defendant.

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**TO DEFENDANT, AND HER COUNSEL, IF ANY:**

David M. Goodrich, the duly appointed, qualified, and acting chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Crestalliance, LLC ("Debtor"), hereby files this Complaint for Declaratory Relief ("Complaint") against Nancy Liu ("Defendant"), and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), and (O). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court.  Defendant is hereby notified that Fed. R. Bankr. P. 7008 requires Defendant to admit or deny whether this adversary proceeding is core or non-core and, if non-core, to plead whether consent is given to the entry of final orders and judgment by the Court.

2.      Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") as provided in 28 U.S.C. § 1409.

3.      This adversary proceeding arises out of and relates to the case entitled In re Crestalliance, LLC, a chapter 7 case bearing case number 2:17-bk-24396-ER, currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division, the Honorable Ernest M. Robles presiding.  Accordingly, venue in this Court is proper under 28 U.S.C. § 1409(a).

## PARTIES AND CASE BACKGROUND

4.      Plaintiff is informed and believes and based thereon alleges that on November 22, 2017, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

5.      Plaintiff is informed and believes and based thereon alleges that Rebecca Chiu and Daniel Chiu (the "Chius") are listed as the only members of the Debtor.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1232180.1

COMPLAINT

1    6.    Plaintiff is informed and believes and based thereon alleges that on

2   December 14, 2017, the Office of the United States Trustee ("OUST") filed a motion to

3   dismiss or convert the case, which was granted on January 17, 2018.  The case was

4   ordered converted from one under chapter 11 to one under chapter 7 of the Bankruptcy

5   Code.

6    7.    Plaintiff was appointed as the chapter 7 trustee on January 17, 2018.

7    8.    Plaintiff is informed and believes and based thereon alleges that Defendant

8   is an individual who resides at 200 S. Garfield Ave. #203, Alhambra, California 91801.

9                                      **GENERAL ALLEGATIONS**

10    9.    Plaintiff incorporates each and every allegation contained in paragraphs 1

11   through 8 as though fully set forth herein.

12    10.    Plaintiff is informed and believes and based thereon alleges that the Debtor

13   filed its schedules of assets and liabilities (the "Schedules") on December 5, 2017.  In

14   Schedule A, the Debtor lists an interest in real property located at 1806 S. Chapel

15   Avenue, Alhambra, California 91801 (the "Property").  The Property consists of three

16   units.  The Debtor listed the value of the Property at $400,000.  A true and correct copy of

17   the Debtor's Schedule A/B is attached as Exhibit "1."

18    11.    Plaintiff is informed and believes and based thereon alleges that on

19   Schedule D, the Debtor lists "Ocwen" as holding a first priority deed of trust against the

20   Property in the amount of $442,988.  The Debtor did not schedule any other entity or

21   person as holding a lien against the Property.  A true and correct copy of the Debtor's

22   Schedule D is attached as Exhibit "2."

23    12.    Defendant has not filed a proof of claim in the bankruptcy case.  A true and

24   correct copy of the Court's claim register is attached as Exhibit "3."

25    13.    On March 6, 2018, the Trustee filed his *Application to Employ Neiman*

26   *Realty, Inc. as Real Estate Broker to Market and Sell Real Properties* (the "Application"),

27   seeking to employ Neiman Realty, Inc. (the "Broker") to act as the Estate's real estate

28   broker for the purpose of marketing and selling each of the properties listed in the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 Debtor's Schedules, including the Property.  The Application was approved by order

2 entered on March 28, 2018.

3      14.    Plaintiff is informed and believes and based thereon alleges that according

4 to a Preliminary Title Report prepared by First American Title Company with an effective

5 date of June 18, 2018 (the "Title Report"), the following items were recorded against the

6 Property:

| Recording Date | Lien Holder | Type of Encumbrance | Document Number | Lien Amount |
|---|---|---|---|---|
| 1/24/2007 | Mortgage Electronic Registration Systems, Inc., solely as nominee for T.J. Financial, Inc., which has been assigned to OneWest Bank FSB c/o Ocwen Loan Servicing, LLC ("Ocwen") | Deed of Trust (the "Ocwen Lien") | 07-1464970 | $417,000.00[1] |
| 2/4/2016 | Nancy Liu, a married woman as her sole and separate property | Deed of Trust (the "Liu Lien") | 16-128885 | $45,000.00 |
| 1/4/2017 | Jingyuan Huang, a single woman | Deed of Trust (the "Huang Lien") | 17-10595 | $100,000.00 |
| 2/15/2017 | Wei Jiang | Lis Pendens | 17-185834 | |
| 3/20/2018 | Shanghai Overseas Affairs Service Center Co. Ltd., et al. | Lis Pendens | 18-264552 | |
| 3/20/2018 | Wen Bai | Lis Pendens | 18-266467 | |
| 5/4/2018 | Franchise Tax Board | Lien (the "FTB Lien") | 18-438302 | $4,775.27 |

A copy of the Title Report is attached as Exhibit "4."

     15.    On July 26, 2018, the Trustee filed his *Amended Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions and Other Ordinary Costs of Sale* (the "Sale Motion").

---

[1] According to the motion for relief from the automatic stay filed by Ocwen on June 4, 2018, as Docket No. 70, Ocwen's total claim as of June 1, 2018, is $470,093.51.

16.     The sale of the Property to Yunying Chen for the purchase price of $1,170,000 was approved by order entered August 27, 2018.  A true and correct copy of the sale order is attached as Exhibit "5."

17.     The Trustee sold the Property free and clear of the Liu Lien with the unpaid portions of the Liu Lien attaching to the net sale proceeds in the same extent, validity, and priority as the lien existed against the Property as of the time of the sale, subject to any and all rights of the Trustee to object to, dispute, or subordinate such lien.

18.     Defendant was served with the Sale Motion and did not file an opposition.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

19.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 above, as though fully set forth herein.

20.      A dispute exists between Plaintiff and Defendant over the existence and validity of the Liu Lien.

21.     The Debtor did not schedule the Liu Lien and the Trustee has no documentation to prove that a loan was made and actually funded.  Defendant has never provided the Trustee with any evidence of a loan made to the Debtor.

22.     Plaintiff contends that the there was no underlying loan which would have led to the recording of the Liu Lien.

23.     Plaintiff seeks a determination that (a) the Liu Lien has a value of $0; (b) the Estate funds held by the Trustee are not subject to the Liu Lien; and (c) Defendant is not entitled to a distribution from the Estate.

## RESERVATION OF RIGHTS

24.     Plaintiff reserves his right to amend this Complaint, to include, among other things: (i) further information regarding the Liu Lien; (ii) modifications of and revisions to Defendant's name; (iii) additional defendants; and (iv) additional causes of action, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    25.    Plaintiff reserves the right to bring all other claims or causes of action that

2  Plaintiff may have against Defendant, on any and all grounds, as allowed under the law or

3  in equity.

4    **WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendant

5  as follows:

6                    <u>**On the First Cause of Action**</u>

7    For a judgment declaring and stating: (a) the Liu Lien has a value of $0; (b) the

8  Estate funds held by the Trustee are not subject to the Liu Lien; and (c) Defendant is not

9  entitled to a distribution from the Estate.

10                   <u>**On All Claims for Relief**</u>

11    For such other and further relief as this Court deems just and proper.

12

13  Dated:  August 29, 2019                    WEILAND GOLDEN GOODRICH LLP

14

15                                    By:   */s/ Beth E. Gaschen*
                                          JEFFREY I. GOLDEN
16                                        BETH E. GASCHEN
                                          Attorneys for Chapter 7 Trustee
17                                        and Plaintiff, David M. Goodrich

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1232180.1                          6                          COMPLAINT

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor name _CRESTALLIANCE, LLC_

United States Bankruptcy Court for the: _CENTRAL_ District of _CA_
(State)

Case number (If known): _17-bk-24396-ER_

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | Current value of debtor's interest |
|---|---|---|

2. **Cash on hand** — $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | WELLS FARGO - AZUSA | DIP ACCOUNT | 9  2  6  0 | $ 25.00 |
| 3.2. | WELLS FARGO - SAN MARINO | DIP ACCOUNT | 9  0  6  2 | $ 25.00 |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | WELLS FARGO-DIP ACCOUNT        LAST FOUR 9302 | $ 25.00 |
| 4.2. | BANK OF AMERICA ACCOUNT (TO BE CLOSED AND TRANSFER) | $ |

5. **Total of Part 1** — $ 7,890.00

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits

Description, including name of holder of deposit

| 7.1. | | $ |
|---|---|---|
| 7.2. | | $ |

| Debtor | CRESTALLIANCE, LLC | Case number (if known) | 17-bk-24396-ER |
|---|---|---|---|
| | Name | | |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. _____  $_____

8.2. _____  $_____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.  $_____ 0.00

---

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

Current value of debtor's interest

**11. Accounts receivable**

11a. 90 days old or less:  _____ – _____ = ........➔  $_____
face amount        doubtful or uncollectible accounts

11b. Over 90 days old:  _____ – _____ = ........➔  $_____
face amount        doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.  $_____ 0.00

---

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____  _____  $_____

14.2. _____  _____  $_____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                  % of ownership:

15.1. _____  _____%  _____  $_____

15.2. _____  _____%  _____  $_____

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. _____  _____  $_____

16.2. _____  _____  $_____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.  $_____ 7,965.00

---

EXHIBIT 1, PAGE 8

Debtor    CRESTALLIANCE, LLC
Name    _____    Case number *(if known)* 17-bk-24396-ER

---

| Part 5: | Inventory, excluding agriculture assets |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials**<br>_____ | _____<br>MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress**<br>_____ | _____<br>MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale**<br>_____ | _____<br>MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies**<br>_____ | _____<br>MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested**<br>_____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish<br>_____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles)<br>_____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed**<br>_____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6**<br>_____ | $_____ | _____ | $_____ |

---

Official Form 206A/B    Schedule A/B: Assets — Real and Personal Property    page 3

EXHIBIT 1, PAGE 9

Debtor    CRESTALLIANCE, LLC
_____    _____
Name    Case number *(if known)*   17-bk-24396-ER

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 7:** | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39. Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| **40. Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | | $_____ |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

EXHIBIT 1, PAGE 10

Debtor    CRESTALLIANCE, LLC
         Name                                                                    17-bk-24396-ER
                                                        Case number *(if known)*

---

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

EXHIBIT 1, PAGE 11

Debtor    CRESTALLIANCE, LLC                                                    17-bk-24396-ER
        Name                                         Case number (if known)

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1 1804-1806 S. Chapel, Alhambra | Fee Simple | $ 1,000,000.00 | | $ 400,000.00 |
| 55.2 592-594 East 6th Azusa, Ca | Fee Simple | $ 550,000.00 | | $ 100,000.00 |
| 55.3 2395 Roanoke Rd., San Marino, | Fee Simple | $ 2,200,000.00 | | $ 200,000.00 |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 700,000.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☑ Yes

---

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

---

Official Form 206A/B                **Schedule A/B: Assets — Real and Personal Property**                page 6

EXHIBIT 1, PAGE 12

Debtor    CRESTALLIANCE, LLC
        Name

Case number *(if known)*    17-bk-24396-ER

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No
☑ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

|  | | **Current value of debtor's interest** |
|---|---|---|

71. **Notes receivable**
Description (include name of obligor)

_____ _____ − _____ = ➜ $_____
                    Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax year _____    $_____
_____    Tax year _____    $_____
_____    Tax year _____    $_____

73. **Interests in insurance policies or annuities**

_____    $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

 Insurance proceeds to vendor Servpro    $        35,000.00
Nature of claim    Water Damage
Amount requested    $    35,000.00

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____    $_____

Nature of claim    _____
Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____    $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____    $_____
_____    $_____

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.    $        35,000.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor CRESTALLIANCE, LLC
Name

Case number *(if known)* 17-bk-24396-ER

---

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 7,890.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 7,965.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .................... ➜ | | $ 700,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 35,000.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ..................91a. | $ 50,855.00 | + 91b. $ 700,000.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................ $ 750,855.00

---

Official Form 206A/B    **Schedule A/B: Assets — Real and Personal Property**    page 8

EXHIBIT 1, PAGE 14

# EXHIBIT 2

Fill in this information to identify the case:

Debtor name ___CRESTALLIANCE, LLC___

United States Bankruptcy Court for the: ___CENTRAL___ District of ___CA___
(State)

Case number (If known): ___17-bk-24396-ER___

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

## Part 1:    List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A Amount of claim | Column B Value of collateral |
|---|---|---|---|
| | | Do not deduct the value of collateral. | that supports this claim |

**2.1**

**Creditor's name**
___BSI___

**Creditor's mailing address**
___P.O.BOX 660605 DALLAS, TX___
___75266___

**Creditor's email address, if known**
_____

**Date debt was incurred** ___10/2016___

**Last 4 digits of account number** ___3102___

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.
___QING TAO___

**Describe debtor's property that is subject to a lien**
___1 TD on San Marino Property 2395___
___Roanoke Road, San Marino, Ca 91108___

$ ___1,400,000.00___    $ ___2,200,000.00___

**Describe the lien**
___First Deed of Trust___

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**2.2**

**Creditor's name**
___QINT TAO___

**Creditor's mailing address**
___68 W. Las Flores Ave, Arcadia, Ca___
___91007___

**Creditor's email address, if known**
_____

**Date debt was incurred** ___04/2017___

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   ___BSI___

   ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
___Second Deed of Trust on 2395 Roanoke___
___Road, San Marino, Ca 91108___

$ ___500,000.00___    $ ___2,200,000.00___

**Describe the lien**
___2nd Deed of Trust___

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ ___1,900,000.00___

Debtor  CRESTALLIANCE, LLC
         Name                                                                Case number (if known)  17-bk-24596-ER

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2._** Creditor's name

Ocwen

**Describe debtor's property that is subject to a lien**

292-594 East 6th Street, Azusa, Ca 91702    $ 426,357.00   $ 100,000.00

**Creditor's mailing address**

P.O. Box 24738 West Palm Beach, Florida, 33416

**Describe the lien**

First Deed of Trust

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred** 2011

**Last 4 digits of account number** 7640 __ __

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2._** Creditor's name

Ocwen

**Describe debtor's property that is subject to a lien**

1804-1806-1808 South Chapel Avenue, Alhambra, California 91801    $ 442,988.00   $ 400,000.00

**Creditor's mailing address**

P.O. Box 24738 West Palm Beach, Florida, 33416

**Describe the lien**

First Deed of Trust

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred** 2010

**Last 4 digits of account number** 0809 __ __

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   Jane Huang

   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor    CRESTALLIANCE, LLC _____    Case number (if known) ___17-bk-24396-ER___
                 Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

# EXHIBIT 3

# Central District of California
# Claims Register

## 2:17-bk-24396-ER CRESTALLIANCE, LLC Converted 01/17/2018

| | |
|---|---|
| **Judge:** Ernest M. Robles | **Chapter:** 7 |
| **Office:** Los Angeles | **Last Date to file claims:** 07/09/2018 |
| **Trustee:** David M Goodrich (TR) | **Last Date to file (Govt):** 05/21/2018 |

| Creditor: (38259845)<br>LOS ANGELES COUNTY TREASURER<br>AND TAX COLLECTOR<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | **Claim No: 1**<br>*Original Filed<br>Date:* 01/03/2018<br>*Original Entered<br>Date:* 01/03/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Oscar Estrada<br>*Modified:* |
|---|---|---|

| | | |
|---|---|---|
| Amount | claimed: | $2315.25 |
| Secured | claimed: | $2315.25 |

| *History:* | | | |
|---|---|---|---|
| Details | 1-1 | 01/03/2018 | Claim #1 filed by LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR, Amount claimed: $2315.25 (Estrada, Oscar) |

*Description:* (1-1) 5359-028-037

*Remarks:*

| Creditor: (38476462)<br>FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | **Claim No: 2**<br>*Original Filed<br>Date:* 04/24/2018<br>*Original Entered<br>Date:* 04/24/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bee Xiong<br>*Modified:* |
|---|---|---|

| | | |
|---|---|---|
| Amount | claimed: | $891.61 |
| Priority | claimed: | $819.61 |

| *History:* | | | |
|---|---|---|---|
| Details | 2-1 | 04/24/2018 | Claim #2 filed by FRANCHISE TAX BOARD, Amount claimed: $891.61 (Xiong, Bee) |

*Description:* (2-1) Claim Filed

*Remarks:*

| Creditor: (38476464)<br>FRANCHISE TAX BOARD<br>**(ADMINISTRATIVE)**<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | **Claim No: 3**<br>*Original Filed<br>Date:* 04/24/2018<br>*Original Entered<br>Date:* 04/24/2018 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bee Xiong<br>*Modified:* |
|---|---|---|

| | | |
|---|---|---|
| Admin | claimed: | $844.79 |

| *History:* | | | |
|---|---|---|---|
| Details | 3-1 | 04/24/2018 | Claim #3 filed by FRANCHISE TAX BOARD, Admin claimed: $844.79 (Xiong, Bee) |

*Description:* (3-1) 0031

*Remarks:*

| Creditor:　(38512863) | **Claim No: 4** | Status: |
| 506 North Garfield Ave. | Original Filed | Filed by: CR |
| LO & LO LLP | Date: 05/11/2018 | Entered by: Michael Y Lo |
| 506 North Garfield Avenue, Suite 280 | Original Entered | Modified: |
| Alhambra, CA 91801 | Date: 05/11/2018 | |
| Alhambra, CA 91801 | Last Amendment | |
| | Filed: 06/26/2018 | |
| | Last Amendment | |
| | Entered: 06/26/2018 | |

Amount claimed: $580541.59 |||

History:

| Details | | 4-1 | 05/11/2018 | Claim #4 filed by 506 North Garfield Ave., Amount claimed: $580541.59 (AutoDocket, ePOC-User) |
| Details | | 4-2 | 06/26/2018 | Amended Claim #4 filed by 506 North Garfield Ave., Amount claimed: $580541.59 (Lo, Michael) |

Description: (4-2) Wrong Creditor Name

Remarks: (4-2) Correct creditor name should be Wenqing Chao

---

| Creditor:　(38192123) | **Claim No: 5** | Status: |
| Qing Tao | Original Filed | Filed by: CR |
| 68 W. Las Flores Avenue | Date: 05/11/2018 | Entered by: ePOC-User AutoDocket |
| Arcadia, CA 91007 | Original Entered | Modified: |
| | Date: 05/11/2018 | |

Amount claimed: $570000.00 |||

History:

| Details | | 5-1 | 05/11/2018 | Claim #5 filed by Qing Tao, Amount claimed: $570000.00 (AutoDocket, ePOC-User) |

Description:

Remarks:

---

| Creditor:　(38579853) | **Claim No: 6** | Status: |
| IRIS LIU | Original Filed | Filed by: CR |
| 8600 Utica Ave., Suite 100 | Date: 06/15/2018 | Entered by: Sam X J Wu |
| Rancho Cucamonga, CA 91730 | Original Entered | Modified: |
| | Date: 06/15/2018 | |

Amount claimed: $1880000.00 |||

History:

| Details | | 6-1 | 06/15/2018 | Claim #6 filed by IRIS LIU, Amount claimed: $1880000.00 (Wu, Sam) |

Description:

Remarks:

---

| Creditor:　(38580211) | **Claim No: 7** | Status: |
| Wen Bai | Original Filed | Filed by: CR |
| 8600 Utica Ave., Suite 100 | Date: 06/15/2018 | Entered by: Sam X J Wu |
| Rancho Cucamonga | Original Entered | Modified: |

EXHIBIT 3, PAGE 19

| Amount | claimed: | $530000.00 | | ‖‖ |

**History:**

| Details | | 7-1 | 06/15/2018 | Claim #7 filed by Wen Bai, Amount claimed: $530000.00 (Wu, Sam) |

**Description:**

**Remarks:**

---

| Creditor: (38192124)<br>ServPro<br>9906 Lower Azusa Road<br>El Monte, AR 71731 | **Claim No: 8**<br>*Original Filed*<br>*Date:* 06/18/2018<br>*Original Entered*<br>*Date:* 06/18/2018 | Status:<br>*Filed by:* CR<br>*Entered by:* Rosendo Gonzalez<br>*Modified:* |

| Amount | claimed: | $77809.76 | | ‖‖ |
| Secured | claimed: | $0.00 | | ‖‖ |
| Priority | claimed: | $0.00 | | ‖‖ |

**History:**

| Details | | 8-1 | 06/18/2018 | Claim #8 filed by ServPro, Amount claimed: $77809.76 (Gonzalez, Rosendo) |

**Description:**

**Remarks:**

---

| Creditor: (38667292)<br>Wei Jiang<br>8600 Utica Ave., # 100<br>Rancho Cucamonga, CA 91730 | **Claim No: 9**<br>*Original Filed*<br>*Date:* 08/01/2018<br>*Original Entered*<br>*Date:* 08/01/2018 | Status:<br>*Filed by:* CR<br>*Entered by:* Sam X J Wu<br>*Modified:* |

| Amount | claimed: | $560000.00 | | ‖‖ |

**History:**

| Details | | 9-1 | 08/01/2018 | Claim #9 filed by Wei Jiang, Amount claimed: $560000.00 (Wu, Sam) |

**Description:**

**Remarks:**

---

# Claims Register Summary

**Case Name:** CRESTALLIANCE, LLC
**Case Number:** 2:17-bk-24396-ER
**Chapter:** 7
**Date Filed:** 11/22/2017
**Total Number Of Claims:** 9

| Total Amount Claimed* | $4201558.21 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

# EXHIBIT 4

**CLTA Preliminary Report Form**　　　　　　　　　　Order Number: O-SA-5735910
(Rev. 11/06)　　　　　　　　　　　　　　　　　　　Page Number: 1



# First American Title Company

**4 First American Way**
**Santa Ana, CA 92707**
California Department of Insurance License No. 151

Antonia Delgado
A & A Escrow Services, Inc
415 North Crescent Drive, Suite 320
Beverly Hills, CA 90210
Phone: (310)550-6055
Fax:
Customer Reference:　　　　　　　104275-AA
Order Number:　　　　　　　　　　O-SA-5735910 (dt)

Title Officer:　　　　　　　　　　Debbie Tognetti
Phone:　　　　　　　　　　　　　(714)250-8579
Fax No.:　　　　　　　　　　　　(714)481-2956
E-Mail:　　　　　　　　　　　　　FAHQ-RA-octile3@firstam.com

Buyer:　　　　　　　　　　　　　Chen
Property:　　　　　　　　　　　　1806 S. Chapel Avenue
　　　　　　　　　　　　　　　　Alhambra, CA 91801

## PRELIMINARY REPORT

In response to the above referenced application for a policy of title insurance, this company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit A attached. *The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties.* Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit A. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit A of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Dated as of June 18, 2018 at 7:30 A.M.

The form of Policy of title insurance contemplated by this report is:

ALTA/CLTA Homeowner's (EAGLE) Policy of Title Insurance (2013) and ALTA Ext Loan Policy 1056.06 (06-17-06) if the land described is an improved residential lot or condominium unit on which there is located a one-to-four family residence; or ALTA Standard Owner's Policy 2006 (WRE 06-17-06) and the ALTA Loan Policy 2006 (06-17-06) if the land described is an unimproved residential lot or condominium unit

A specific request should be made if another form or additional coverage is desired.

Title to said estate or interest at the date hereof is vested in:

Daniel C. Chiu And Rebecca C. Chiu, Husband And Wife As Joint Tenants, subject to proceedings pending in the Bankruptcy Court of the U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES) District of the U. S. District Court, California entitled in re: CRESTALLIANCE, LLC, debtor, Case No. 2:17-BK-24396-ER, wherein a petition for relief was filed on November 22, 2017, subject to exception nos. 6, 7, 8, 9, 20 and 21

The estate or interest in the land hereinafter described or referred to covered by this Report is:

FEE

The Land referred to herein is described as follows:

(See attached Legal Description)

At the date hereof exceptions to coverage in addition to the printed Exceptions and Exclusions in said policy form would be as follows:

1.  General and special taxes and assessments for the fiscal year 2018-2019, a lien not yet due or payable.

2.  The lien of defaulted taxes for the fiscal year 2014-2015, and any subsequent delinquencies.

Tax Rate Area:              01-01797
A. P. No.:                  5359-028-037
Amount to redeem:           $2,457.17
Valid through:              JUNE 2018
Amount to redeem:           $
Valid through:
**Please contact the tax office to verify the payoff amount.**

Order Number: **O-SA-5735910**
Page Number: 3

3.    The lien of supplemental taxes, if any, assessed pursuant to Chapter 3.5 commencing with Section 75 of the California Revenue and Taxation Code.

4.    An easement for UNDERGROUND ELECTRICAL SUPPLY SYSTEMS and incidental purposes in the document recorded September 11, 1990 as INSTRUMENT NO. 90-1561974 of Official Records.

5.    A deed of trust to secure an original indebtedness of $417,000.00 recorded January 24, 2007 as INSTRUMENT NO. 07-146497 OF OFFICIAL RECORDS.

| | |
|---|---|
| Dated: | January 15, 2007 |
| Trustor: | DANIEL C. CHIU AND REBECCA C. CHIU, HUSBAND AND WIFE AS JOINT TENANTS |
| Trustee: | INVESTORS TITLE CORPORATION, A CALIFORNIA CORPORATION |
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| LENDER: | T.J. FINANCIAL, INC. |

According to the public records, the beneficial interest under the deed of trust has been assigned to OCWEN LOAN SERVICING, LLC by various assignments, the last of which was recorded September 18, 2013 as INSTRUMENT NO. 13-1356722 of Official Records.

A document recorded April 13, 2017 as INSTRUMENT NO. 17-410122 OF OFFICIAL RECORDS provides that BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP was substituted as trustee under the deed of trust.

A notice of default recorded April 20, 2017 as INSTRUMENT NO. 17-435989 OF OFFICIAL RECORDS.

A notice of trustee's sale recorded August 02, 2017 as INSTRUMENT NO. 17-871665 OF OFFICIAL RECORDS.

The interest of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR T.J. FINANCIAL INC., ITS SUCCESSORS AND/OR ASSIGNS under said Assignment of DEED OF TRUST was purportedly assigned to ONEWEST BANK FSB by document recorded January 30, 2018 as instrument no 18-98243 of Official Records.

At the date of recording of the document, the parties thereto had no record interest in the land.

6.    The effect of a deed dated May 26, 2009, executed by DANIEL C. CHIU AND REBECCA C. CHIU, HUSBAND AND WIFE AS JOINT TENANTS, as Grantor, to LI HUI LO, A SINGLE WOMAN, as Grantee, recorded May 28, 2009, as INSTRUMENT NO. 09-786266 of Official Records.

The requirement that this office be furnished with the evidence that the deed was an absolute conveyance for value, and that there are no other agreements, oral or written, regarding the ownership of the land described herein.

NOTE: Unable to verify if the above referenced "uninsured" deed is a valid transfer.

7.    The effect of a deed dated July 07, 2010, executed by LI HUI LO, A SINGLE WOMAN, as Grantor, to DANIEL C. CHIU AND REBECCA C. CHIU, HUSBAND AND WIFE AS JOINT TENANTS, as Grantee, recorded July 09, 2010, as INSTRUMENT NO. 10-939287 of Official Records.

Order Number: **O-SA-5735910**
Page Number: 4

The requirement that this office be furnished with the evidence that the deed was an absolute conveyance for value, and that there are no other agreements, oral or written, regarding the ownership of the land described herein.

NOTE: Unable to verify if the above referenced "uninsured" deed is a valid transfer.

8.  The effect of a deed dated August 17, 2011, executed by DANIEL C. CHIU AND REBECCA C. CHIU, HUSBAND AND WIFE AS JOINT TENANTS, as Grantor, to RHEMATA, LLC, as Grantee, recorded December 13, 2011, as INSTRUMENT NO. 11-1683185 of Official Records.

    The requirement that this office be furnished with the evidence that the deed was an absolute conveyance for value, and that there are no other agreements, oral or written, regarding the ownership of the land described herein.

    NOTE: Unable to verify if the above referenced "uninsured" deed is a valid transfer.

9.  The effect of a deed dated March 20, 2015, executed by RHEMATA, LLC, as Grantor, to CRESTALLIANCE, LLC, as Grantee, recorded May 14, 2015, as INSTRUMENT NO. 15-562348 of Official Records.

    The requirement that this office be furnished with the evidence that the deed was an absolute conveyance for value, and that there are no other agreements, oral or written, regarding the ownership of the land described herein.

    NOTE: Unable to verify if the above referenced "uninsured" deed is a valid transfer.

10. A deed of trust to secure an original indebtedness of $45,000.00 recorded February 04, 2016 as INSTRUMENT NO. 16-128885 OF OFFICIAL RECORDS.
    Dated:                          February 02, 2016
    Trustor:                        CRESTALLIANCE, LLC
    Trustee:                        CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION
    Beneficiary:                    NANCY LIU, A MARRIED WOMAN AS HER SOLE AND
                                    SEPARATE PROPERTY


    Notes:
    a. If this deed of trust is to be eliminated in the policy or policies contemplated by this report/commitment, we will require all of the following prior to the recordation of any documents or the issuance of any policy of title insurance:
    i. Original note and deed of trust.
    ii. Payoff demand statement signed by all present beneficiaries.
    iii. Request for reconveyance signed by all present beneficiaries.
    b. If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we will also require a full copy of the loan servicing agreement executed by all present beneficiaries.
    c. If any of the beneficial interest is presently held by trustees under a trust agreement, we will require a certification pursuant to Section 18500.5 of the California Probate Code in a form satisfactory to the Company

    The effect of a document entitled "SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE", recorded October 05, 2016 as INSTRUMENT NO. 16-1217886 of Official Records.

    Note: The Company will require satisfactory proof of full payment of the debt secured by said mortgage or deed of trust prior to removing this exception or insuring the contemplated transaction.

Order Number: **O-SA-5735910**
Page Number:  5

11.    A deed of trust to secure an original indebtedness of $100,000.00 recorded JANUARY 04, 2017 as
       INSTRUMENT NO. 17-10595 OF OFFICIAL RECORDS.
       Dated:                          JANUARY 01, 2017
       Trustor:                        CRESTALLIANCE, LLC
       Trustee:                        CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION
       Beneficiary:                    JINGYUAN HUANG, A SINGLE WOMAN


       Notes:
       a. If this deed of trust is to be eliminated in the policy or policies contemplated by this
       report/commitment, we will require all of the following prior to the recordation of any documents or
       the issuance of any policy of title insurance:
       i. Original note and deed of trust.
       ii. Payoff demand statement signed by all present beneficiaries.
       iii. Request for reconveyance signed by all present beneficiaries.
       b. If the payoff demand statement or the request for reconveyance is to be signed by a servicer, we
       will also require a full copy of the loan servicing agreement executed by all present beneficiaries.
       c. If any of the beneficial interest is presently held by trustees under a trust agreement, we will
       require a certification pursuant to Section 18500.5 of the California Probate Code in a form
       satisfactory to the Company

12.     Notice of pendency of action recorded February 15, 2017 as INSTRUMENT NO. 17-185834 of Official
       Records.

       Court:                   SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF
                                LOS ANGELES - CENTRAL DISTRICT
       Case No.:                BC642350
       Plaintiff:               WEI JIANG, AN INDIVIDUAL
       Defendant:               ARC-I, LIMITED PARTNERSHIP, A CALIFORNIA LIMITED
                                PARTNERSHIP; OASIS GROWTH PARTNERS, LLC, A CALIFORNIA
                                LIMITED LIABILITY COMPANY; THE BASSIST CORPORATION, A
                                CALIFORNIA CORPORATION; DANIEL CHIU, AN INDIVIDUAL;
                                REBECCA C. CHIU, AN INDIVIDUAL; DANIEL CHIU, AN
                                INDIVIDUAL; REBECCA CHIU, AN INDIVIDUAL; CRESTALLIANCE,
                                LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; STAVROS,
                                LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; RHEMATA
                                LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; CENTRAL
                                ESCROW, INC., A CALIFORNIA CORPORATION; AND DOES 1
                                THROUGH 50, INCLUSIVE
       Purpose:                 ACTUAL VOIDABLE TRANSFER PURSUANT TO CALIFORNIA CIVIL
                                CODE § 3439.04(A)(1) AND CONSTRUCTIVE VOIDABLE
                                TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE §
                                3439.04(A)(2) WHICH ASSERT A REAL PROPERTY CLAIM

13.    Proceedings pending in the Bankruptcy Court of the U.S. BANKRUPTCY COURT CENTRAL DISTRICT
       OF CALIFORNIA (LOS ANGELES)  District of the U.S. District Court, California, entitled in re:
       CRESTALLIANCE, LLC, debtor, Case No. 2:17-BK-24396-ER, wherein a petition for relief was
       filed under Chapter 7  on  November 22, 2017.

Order Number: **O-SA-5735910**
Page Number: 6

14.   Notice of pendency of action recorded March 20, 2018 as INSTRUMENT NO. 18-264552 of Official
Records.

| | |
|---|---|
| Court: | SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF LOS ANGELES - GLENDALE COURTHOUSE |
| Case No.: | EC066074 |
| Plaintiff: | SHANGHAI OVERSEAS AFFAIRS SERVICE CENTER CO. LTD, A FOREIGN COMPANY, PLAINTIFF; IRIS LIU, AN INDIVIDUAL; L.A. LIFE, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AMERICAN ASIA HOLDINGS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, CROSS-COMPLAINANTS |
| Defendant: | OASIS GROWTH PARTNERS, LLC D/B/A ALLIANCE REGIONALCENTER (ARC), A CALIFORNIA LIMITED LIABILITY COMPANY; OASIS GROWTH PARTNERS II, LLC D/B/A ARC, A CALIFORNIA LIMITED LIABILITY COMPANY; OASIS GROWTH PARTNERS DEVELOPMENT, INC. D/B/A ARC, A CALIFORNIA COMPANY; CRESTALLIANCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DANIEL C. CHIU, AN INDIVIDUAL; REBECCA C. CHIU, AN INDIVIDUAL; IRIS LIYA LIU, AN INDIVIDUAL; L.A. LIFE, LLC D/B/A ARC, A DELAWARE LIMITED LIABILITY COMPANY; AMERICAN ASIA HOLDINGS, LLC D/B/A ARC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1 THROUGH 50 INCLUSIVE, DEFENDANTS; DANIEL C. CHIU, AN INDIVIDUAL; OASIS GROWTH PARTNERS, LLC D/B/A ARC-1 LIMITED PARTNERSHIP, A CALIFORNIA LIMITED LIABILITY COMPANY; OASIS GROWTH PARTNERS, LLC D/B/A ALLIANCE REGIONALCENTER(ARC), A CALIFORNIA LIMITED LIABILITY COMPANY; OASIS GROWTH PARTNERS II, LLC D/B/A ALLIANCE REGIONAL CENTER, A CALIFORNIA LIMITED LIABILITY COMPANY; OASIS GROWTH PARTNERS DEVELOPMENT, INC, D/B/A ALLIANCE REGIONAL CENTER, A CALIFORNIA CORPORATION; CRESTALLIANNCE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; STAVROS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; RHEMATA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; REBECCA C. CHIU, AN INDIVIDUAL; AND DOES 1 THROUGH 50 INCLUSIVE, CROSS-DEFENDANTS |
| Purpose: | ACTUAL VOIDABLE TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439.04(A)(1) WHICH ASSERT A REAL PROPERTY CLAIM |

Order Number: **O-SA-5735910**
Page Number:  7

15.     Notice of pendency of action recorded March 20, 2018 as INSTRUMENT NO. 18-266467 of Official
Records.

| | |
|---|---|
| Court: | SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF LOS ANGELES - CENTRAL DISTRICT |
| Case No.: | BC689149 |
| Plaintiff: | WEN BAI, AN INDIVIDUAL |
| Defendant: | ARC-I, LIMITED PARTNERSHIP, A CALIFORNIA LIMITED PARTNERSHIP; OASIS GROWTH PARTNERS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; THE BASSIST CORPORATION, A CALIFORNIA CORPORATION; DANIEL C. CHIU AKA DANIEL CHIU, AN INDIVIDUAL; REBECCA C. CHIU AKA REBECCA CHIU, AN INDIVIDUAL; CRESTALLIANCE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; STAVROS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; RHEMATA LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1 THROUGH 50, INCLUSIVE |
| Purpose: | ACTUAL VOIDABLE TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439.04(A)(1) AND CONSTRUCTIVE VOIDABLE TRANSFER PURSUANT TO CALIFORNIA CIVIL CODE § 3439.04(A)(2) WHICH ASSERT A REAL PROPERTY CLAIM |

16.     A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE
FRANCHISE TAX BOARD , RECORDED MAY 4, 2018  AS INSTRUMENT NO. 18-438302 OF OFFICIAL
RECORDS.

| | |
|---|---|
| DEBTOR: | REBECCA C CHIU |
| CERTIFICATE NO.: | 18123699012 |
| AMOUNT: | $4,775.27 , AND ANY OTHER AMOUNTS DUE THEREUNDER. |

17.     Any defects, liens, encumbrances or other matters which name parties with the same or similar
names as DANIEL C. CHIU.  The name search necessary to ascertain the existence of such matters
has not been completed.  In order to complete this preliminary report or commitment, we will require
a statement of information.

18.     Water rights, claims or title to water, whether or not shown by the public records.

19.     This transaction may be subject to a confidential order issued pursuant to the Bank Secrecy Act.
Information necessary to comply with the confidential order must be provided prior to the closing.
This transaction will not be insured until this information is submitted, reviewed and found to be
complete.

   **Prior to the issuance of any policy of title insurance, the Company will require:**

Order Number: **O-SA-5735910**
Page Number: 8

20.    With respect to RHEMATA, LLC AND CRESTALLIANCE, LLC, a limited liability company:
a. A copy of its operating agreement and any amendments thereto;
b. If it is a California limited liability company, that a certified copy of its articles of organization (LLC-1) and any certificate of correction (LLC-11), certificate of amendment (LLC-2), or restatement of articles of organization (LLC-10) be recorded in the public records;
c. If it is a foreign limited liability company, that a certified copy of its application for registration (LLC-5) be recorded in the public records;
d. With respect to any deed, deed of trust, lease, subordination agreement or other document or instrument executed by such limited liability company and presented for recordation by the Company or upon which the Company is asked to rely, that such document or instrument be executed in accordance with one of the following, as appropriate:
(i) If the limited liability company properly operates through officers appointed or elected pursuant to the terms of a written operating agreement, such document must be executed by at least two duly elected or appointed officers, as follows: the chairman of the board, the president or any vice president, and any secretary, assistant secretary, the chief financial officer or any assistant treasurer;
(ii) If the limited liability company properly operates through a manager or managers identified in the articles of organization and/or duly elected pursuant to the terms of a written operating agreement, such document must be executed by at least two such managers or by one manager if the limited liability company properly operates with the existence of only one manager.
e. Other requirements which the Company may impose following its review of the material required herein and other information which the Company may require

21.    With respect to RHEMATA, LLC, a certificate of revivor and a certificate of relief from contract voidability issued by the Franchise Tax Board of the State of California.

| INFORMATIONAL NOTES |
|---|

Note: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the certain dollar amount set forth in any applicable arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. If you desire to review the terms of the policy, including any arbitration clause that may be included, contact the office that issued this Commitment or Report to obtain a sample of the policy jacket for the policy that is to be issued in connection with your transaction.

1.   General and special taxes and assessments for the fiscal year 2017-2018.

First Installment:          $6,541.42, PAID
Penalty:                    $0.00
Second Installment:         $6,541.41, PAID
Penalty:                    $0.00
Tax Rate Area:              01-01797
A. P. No.:                  5359-028-037

2.   This report is preparatory to the issuance of an ALTA Loan Policy. We have no knowledge of any fact which would preclude the issuance of the policy with CLTA endorsement forms 100 and 116 and if applicable, 115 and 116.2 attached.

When issued, the CLTA endorsement form 116 or 116.2, if applicable will reference a(n) Multi Family Residence  known as 1806 S. CHAPEL AVENUE, ALHAMBRA, CA.

3.   According to the public records, there has been no conveyance of the land within a period of twenty-four months prior to the date of this report, except as follows:

None

NOTE to proposed insured lender only: No Private transfer fee covenant, as defined in Federal Housing Finance Agency Final Rule 12 CFR Part 1228, that was created and first appears in the Public Records on or after February 8, 2011, encumbers the Title except as follows: None

The map attached, if any, may or may not be a survey of the land depicted hereon. First American expressly disclaims any liability for loss or damage which may result from reliance on this map except to the extent coverage for such loss or damage is expressly provided by the terms and provisions of the title insurance policy, if any, to which this map is attached.

Order Number: **O-SA-5735910**
Page Number: 10

## LEGAL DESCRIPTION

Real property in the City of Alhambra, County of Los Angeles, State of California, described as follows:

LOT 12 OF TRACT NO. 5459, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 59, PAGE(S) 6 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THE SOUTH 30 FEET OF THE WEST 125 FEET THEREOF.

APN: 5359-028-037

Order Number: **O-SA-5735910**
Page Number:  11





Order Number: **O-SA-5735910**
Page Number:  12

### *NOTICE*

Section 12413.1 of the California Insurance Code, effective January 1, 1990, requires that any title insurance company, underwritten title company, or controlled escrow company handling funds in an escrow or sub-escrow capacity, wait a specified number of days after depositing funds, before recording any documents in connection with the transaction or disbursing funds. This statute allows for funds deposited by wire transfer to be disbursed the same day as deposit. In the case of cashier's checks or certified checks, funds may be disbursed the next day after deposit. In order to avoid unnecessary delays of three to seven days, or more, please use wire transfer, cashier's checks, or certified checks whenever possible.

Order Number: **O-SA-5735910**
Page Number: 13

**EXHIBIT A**
**LIST OF PRINTED EXCEPTIONS AND EXCLUSIONS (BY POLICY TYPE)**

**CLTA STANDARD COVERAGE POLICY – 1990**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c) resulting in no loss or damage to the insured claimant;
    (d) attaching or created subsequent to Date of Policy; or
    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public, records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

**CLTA/ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)**
EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a. building;
    b. zoning;
    c. land use;

    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.  The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.

4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
    c.  that result in no loss to You; or
    d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.  Failure to pay value for Your Title.

6.  Lack of a right:
    a.  to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.  in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**LIMITATIONS ON COVERED RISKS**

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $10,000 |
| Covered Risk 18: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 19: | 1% of Policy Amount Shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 21: | 1% of Policy Amount Shown in Schedule A or $2,500 (whichever is less) | $5,000 |

**2006 ALTA LOAN POLICY (06-17-06)**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;
    (ii) the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

Order Number: **O-SA-5735910**
Page Number:  15

(c) resulting in no loss or damage to the Insured Claimant;
(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.    Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.    Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
(a) a fraudulent conveyance or fraudulent transfer, or
(b) a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).


The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

[Except as provided in Schedule B - Part II,[ t[or T]his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

**[PART I**

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:
1.    (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency  that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.    Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by  persons in possession of the Land.
3.    Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.    Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.    (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.    Any lien or right to a lien for services, labor or material not shown by the public records.


**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss

or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:]


## 2006 ALTA OWNER'S POLICY (06-17-06)
### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:


1.    (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

        (i) the occupancy, use, or enjoyment of the Land;
        (ii) the character, dimensions, or location of any improvement erected on the Land;
        (iii) the subdivision of land; or
        (iv) environmental protection;

or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
(b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.    Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.    Defects, liens, encumbrances, adverse claims, or other matters
(a) created, suffered, assumed, or agreed to by the Insured Claimant;
(b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

Order Number: **O-SA-5735910**
Page Number:  16

(c) resulting in no loss or damage to the Insured Claimant;
(d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 or 10); or
(e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
[The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by  persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the Public Records.
7. [Variable exceptions such as taxes, easements, CC&R's, etc. shown here.]

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (07-26-10)**
EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;

   or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk  5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the

*First American Title*
Page 16 of 18

EXHIBIT 4, PAGE 36

Order Number: **O-SA-5735910**
Page Number:  17

Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

(a) a fraudulent conveyance or fraudulent transfer, or

(b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

Order Number:  **O-SA-5735910**
Page Number:  18

 First American Title

**Privacy Information**
**We Are Committed to Safeguarding Customer Information**
In order to better serve your needs now and in the future, we may ask you to provide us with certain information. We understand that you may be concerned about what we will do with such information - particularly any personal or financial information. We agree that you have a right to know how we will utilize the personal information you provide to us. Therefore, together with our subsidiaries we have adopted this Privacy Policy to govern the use and handling of your personal information.

**Applicability**
This Privacy Policy governs our use of the information that you provide to us. It does not govern the manner in which we may use information we have obtained from any other source, such as information obtained from a public record or from another person or entity. First American has also adopted broader guidelines that govern our use of personal information regardless of its source. First American calls these guidelines its Fair Information Values.

**Types of Information**
Depending upon which of our services you are utilizing, the types of nonpublic personal information that we may collect include:
- Information we receive from you on applications, forms and in other communications to us, whether in writing, in person, by telephone or any other means;
- Information about your transactions with us, our affiliated companies, or others; and
- Information we receive from a consumer reporting agency.

**Use of Information**
We request information from you for our own legitimate business purposes and not for the benefit of any nonaffiliated party. Therefore, we will not release your information to nonaffiliated parties except: (1) as necessary for us to provide the product or service you have requested of us; or (2) as permitted by law. We may, however, store such information indefinitely, including the period after which any customer relationship has ceased. Such information may be used for any internal purpose, such as quality control efforts or customer analysis. We may also provide all of the types of nonpublic personal information listed above to one or more of our affiliated companies. Such affiliated companies include financial service providers, such as title insurers, property and casualty insurers, and trust and investment advisory companies, or companies involved in real estate services, such as appraisal companies, home warranty companies and escrow companies. Furthermore, we may also provide all the information we collect, as described above, to companies that perform marketing services on our behalf, on behalf of our affiliated companies or to other financial institutions with whom we or our affiliated companies have joint marketing agreements.

**Former Customers**
Even if you are no longer our customer, our Privacy Policy will continue to apply to you.

**Confidentiality and Security**
We will use our best efforts to ensure that no unauthorized parties have access to any of your information. We restrict access to nonpublic personal information about you to those individuals and entities who need to know that information to provide products or services to you. We will use our best efforts to train and oversee our employees and agents to ensure that your information will be handled responsibly and in accordance with this Privacy Policy and First American's Fair Information Values. We currently maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**Information Obtained Through Our Web Site**
First American Financial Corporation is sensitive to privacy issues on the Internet. We believe it is important you know how we treat the information about you we receive on the Internet.
In general, you can visit First American or its affiliates' Web sites on the World Wide Web without telling us who you are or revealing any information about yourself. Our Web servers collect the domain name, not the e-mail addresses, of visitors. This information is aggregated to measure the number of visits, average time spent on the site, pages viewed and similar information. First American uses this information to measure the use of our site and to develop ideas to improve the content of our site.
There are times, however, when we may need information from you, such as your name and email address. When information is needed, we will use our best efforts to let you know at the time of collection how we will use the personal information. Usually, the personal information we collect is used only by us to respond to your inquiry, process an order or allow you to access specific account/profile information. If you choose to share any personal information with us, we will only use it in accordance with the policies outlined above.

**Business Relationships**
First American Financial Corporation's site and its affiliates' sites may contain links to other Web sites. While we try to link only to sites that share our high standards and respect for privacy, we are not responsible for the content or the privacy practices employed by other sites.

**Cookies**
Some of First American's Web sites may make use of "cookie" technology to measure site activity and to customize information to your personal tastes. A cookie is an element of data that a Web site can send to your browser, which may then store the cookie on your hard drive.
FirstAm.com uses stored cookies. The goal of this technology is to better serve you when visiting our site, save you time when you are here and to provide you with a more meaningful and productive Web site experience.
---------------------------------------------------------------------------
**Fair Information Values**
**Fairness** We consider consumer expectations about their privacy in all our businesses. We only offer products and services that assure a favorable balance between consumer benefits and consumer privacy.
**Public Record** We believe that an open public record creates significant value for society, enhances consumer choice and creates consumer opportunity. We actively support an open public record and emphasize its importance and contribution to our economy.
**Use** We believe we should behave responsibly when we use information about a consumer in our business. We will obey the laws governing the collection, use and dissemination of data.
**Accuracy** We will take reasonable steps to help assure the accuracy of the data we collect, use and disseminate. Where possible, we will take reasonable steps to correct inaccurate information. When, as with the public record, we cannot correct inaccurate information, we will take all reasonable steps to assist consumers in identifying the source of the erroneous data so that the consumer can secure the required corrections.
**Education** We endeavor to educate the users of our products and services, our employees and others in our industry about the importance of consumer privacy. We will instruct our employees on our fair information values and on the responsible collection and use of data. We will encourage others in our industry to collect and use information in a responsible manner.
**Security** We will maintain appropriate facilities and systems to protect against unauthorized access to and corruption of the data we maintain.

Form 50-PRIVACY (9/1/10)                    Page 1 of 1                    Privacy Information (2001-2010 First American Financial Corporation)

# EXHIBIT 5

1 | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
2 | Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
3 | **WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
4 | Costa Mesa, California 92626
Telephone   714-966-1000
5 | Facsimile   714-966-1002

6 | Attorneys for Chapter 7 Trustee
David M. Goodrich

7 |

FILED & ENTERED

AUG 27 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**CHANGES MADE BY COURT**

8 | ## UNITED STATES BANKRUPTCY COURT

9 | ### CENTRAL DISTRICT OF CALIFORNIA

10 | ### LOS ANGELES DIVISION

11 | In re

12 | CRESTALLIANCE, LLC,

13 | Debtor.

Case No. 2:17-bk-24396-ER

Chapter 7

**ORDER GRANTING CHAPTER 7 TRUSTEE'S AMENDED MOTION FOR ORDER:**

**(1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**
**(2) APPROVING OVERBID PROCEDURES;**
**(3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND**
**(4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS AND OTHER ORDINARY COSTS OF SALE**

**[1806 S. Chapel Avenue, Alhambra, California 91801]**

**DATE:   August 15, 2018**
**TIME:   11:00 a.m.**
**CTRM:   1568**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

On August 15, 2018, at 11:00 a.m. in Courtroom 1568 of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, California 90012, the Court heard the *Chapter 7 Trustee's Amended Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-up Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions and Other Ordinary Costs of Sale* (the "Motion")[1] filed by David M. Goodrich, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Crestalliance, LLC (the "Debtor"). Appearances are as noted on the record.

The Court having read and considered the Motion and all other papers and evidence filed with respect to the Motion and in opposition thereto, having heard statements and agreements of counsel, finding that notice and service of the Motion were proper and adequate, and for the reasons set forth in the tentative ruling, which the Court adopts as its final ruling and incorporates by reference [Doc. No. 114], and for good cause shown,

**IT IS ORDERED:**

1.      The Motion is granted in its entirety;

2.      The Conditional Non-Opposition to the Motion filed by Ocwen Loan Servicing, LLC [Docket No. 107] is overruled;

3.      Pursuant to the Transfers, specifically, the quitclaim deed dated March 20, 2015, executed by Rhemata, LLC, as grantor to Crestalliance, LLC, as grantee, recorded May 14, 2015, Instrument No. 15-562348 of Official Records, title to the Property is vested 100% in the Debtor;

---

[1] All capitalized terms not otherwise expressly defined herein shall have the meaning ascribed to them in the Motion.

1180575.2

2

ORDER

4.    The Property is property of the Estate and the Trustee may sell the Property for the benefit of the Estate's creditors;

5.    The terms of the Purchase Agreement attached as Exhibit 4 to the Motion are approved;

6.    The Trustee is authorized to sell the Property to Yunying Chen (the "Successful Bidder") for the purchase price of $1,170,000 (the "Successful Bid"), or Alexandra Yeung (the "Back-Up Bidder") for the purchase price of $1,160,000 ("Back-Up Bid"), "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, and interests, together with improvements, as well as all easements and appurtenances, pursuant to 11 U.S.C. §§ 363(b) and (f), including, without limitation:

(a)    The Ocwen Lien recorded in the Los Angeles County Records on January 24, 2007, as Instrument No. 07-146497;

(b)    The FTB Lien recorded in the Los Angeles County Records on May 4, 2018, as Instrument No. 18-438302;

(c)    The Liu Lien recorded in the Los Angeles County Records on February 4, 2016, as Instrument No. 16-128885;

(d)    The Huang Lien recorded in the Los Angeles County Records on January 4, 2017, as Instrument No. 17-10595;

7.    The Trustee is authorized to pay, through escrow, from the proceeds of the sale of the Property and without further order of the Court, the Ocwen Lien[2], the FTB Lien, and any undisputed portions of the Liu Lien and the Huang Lien (to the extent evidence of the validity of the liens is provided to the Trustee), real property taxes and assessments prorated as of the close of escrow, broker's commission, and any escrow fees, title insurance premiums, and other ordinary and typical closing costs and expenses payable

---

[2] To the extent that there is any dispute over the payoff demand provided by Ocwen, all undisputed portions will be paid through escrow and the disputed portions will be held by escrow subject to the Ocwen Lien until further Court order or agreement of the parties.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1180575.2

3

ORDER

by the Trustee pursuant to the Purchase Agreement or in accordance with local custom.
The sale proceeds remaining after payment of these items shall constitute the net sale
proceeds (the "Net Proceeds"). The Net Proceeds will not be disbursed without further
order of this Court;

8.    The Successful Bidder and the Back-Up Bidder are "good faith purchasers"
pursuant to 11 U.S.C. § 363(m);

9.    The Trustee is authorized to return any Overbid Deposit without further order
of the Court to those whose bids are not deemed to be the Successful Bid or the Back-Up
Bid;

10.   To the extent there is any tax liability to the Estate from the sale, the Trustee
is authorized to pay such taxes from the Net Proceeds;

11.   Any unpaid portion of the Liu Lien and the Huang Lien shall attach to the Net
Proceeds in the same value, priority and scope as such liens currently exist against the
Property, subject to any and all rights of the Trustee to object to, dispute, or subordinate
such liens;

12.   The Trustee reserves the right to object to the validity, scope and priority of
all disputed liens, claims and interests;

13.   The overbid procedures outlined in the Amended Motion are approved;

14.   The Trustee is authorized to take any and all necessary actions to
consummate the sale of the Property;

15.   The Trustee is authorized to turn over the Tenant Deposits to the Successful
Bidder or the Back-Up Bidder;

16.   The requirements for lodging periods imposed by Local Bankruptcy Rule
9021-1 and any other applicable bankruptcy rules are waived; and

17.   The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) and
any other applicable bankruptcy rules are waived.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1180575.2

4

ORDER



1

2

3

4                                          ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: August 27, 2018

                                           Ernest M. Robles
25                                         United States Bankruptcy Judge

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1180575.2                      5                              ORDER

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>David M. Goodrich, solely in his capacity as Chapter 7 Trustee of the Estate of Crestalliance, LLC | DEFENDANTS<br>Nancy Liu |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Dr., Ste. 600, Costa Mesa, CA 92626<br>(714) 966-1000 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Crestalliance, LLC | BANKRUPTCY CASE NO.<br>2:17-bk-24396-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/ Beth E. Gaschen | | |
| DATE<br><br>  August 29, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  Beth E. Gaschen | |

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.